# FIELD *v.* DE COMEAU & Another.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR
THE SOUTHERN DISTRICT OF NEW YORK.

Submitted December 7, 1885.—Decided January 4, 1886.

The patent issued to appellant, September 15, 1874, for an improved fastening in gloves is not infringed by the appellees' mode of using springs for the same purpose.

This was a bill in equity brought by appellant as complainant below to restrain appellees from an alleged infringement of a patent for an improved glove fastening. The facts are stated in the opinion of the court.

*Mr. Eugene N. Elliot* for appellant.

No appearance for appellees.

Mr. Justice Matthews delivered the opinion of the court.

The appellant, who was complainant below, filed his bill in equity to restrain an alleged infringement by the appellees of letters patent No. 155,077, for an improvement in glove fastenings issued to him September 15, 1874.

The bill was dismissed at the hearing on the ground that the defendants had not infringed.

The material part of the specification forming part of the letters patent is as follows:

" The object of my invention is to cause a glove to fit closely to the hand and wrist of the wearer without the use of buttons or other fastenings; and I attain this object by extending a spring *A*, entirely around the split portion *B* of the glove, in the manner plainly shown in Figure 1 of the accompanying drawing, so that when released the ends *a a* of the said spring shall overlap, as shown in Fig. 2, and thus close the glove upon the wrist.

" The spring is entirely concealed within the material of the

glove, and may be secured to the latter in any suitable manner; but I prefer to simply stitch it in place, as indicated by the dotted lines $x$ in Fig. 1.

"The spring may also be variously shaped; but I prefer to construct it of a single piece of wire, bent to the form shown, as I have ascertained, by experiment, that a spring of this form is most suitable for the purpose, while it possesses the further advantage of presenting no sharp or abrupt ends, which would be apt to force their way through the material of the glove.

"The edge view, Fig. 3, shows the method of bending the spring to conform to the shape of the hand of the wearer of the glove.

"I am aware that springs have been combined with the wristlets of gloves; but they have always extended entirely around the latter, thus rendering it impossible to fold the glove, which was consequently clumsy and inconvenient to carry in the pocket. This objection it will be evident is entirely overcome by my invention.

"I claim—

"The combination, substantially as described, of a spring, $A$, with the split portion $B$ of a glove, for the purpose specified."

The drawings referred to are annexed.

Judge Wheeler holding the Circuit Court, in deciding the case, stated the grounds of his action in dismissing the bill, in an opinion contained in the transcript, as follows:

"The orator has a patent, No. 155,077 dated September 15, 1874, for an improvement in glove fastenings, consisting of the combination of a spring inserted in the material of the glove, and extending around the edges of the slit, which permits drawing the wrist of the glove over the hand, and adjusted so as to spring open by the insertion of the hand and to close automatically and overlap itself, and cause the edges of the slit to overlap each other when the glove is on. The defendants deny infringement. They make and sell for use springs for gloves to be inserted into the material, and with arms extending along each edge of the slit, jointed at the apex, working together like the blade and handle of a jack-knife. The

only question is, whether the use of such springs is an infringement. The plaintiff stated in the specification of his patent that springs had been combined before with the wrists of gloves, but of a different form. So his patent is not, and could not be maintained as a patent for the combination of springs in every form with the wrists of gloves to close them. It proposes to be and is a patent of his style of spring combined with the wrists of gloves for that purpose. The question is, whether the defendants' spring is substantially like his. His is

Fig. 1.

a spring throughout, and pulls constantly upon the parts of the material until they come together and overlap. The defendants' has stiff arms, and pulls the parts together only when closed far enough to have the spring on one arm operate in the opposite direction upon the cam-shaped end of the other, and it pulls the edges apart until the arms are at right angles to each other when opened far enough to cause the spring to act the other way on the cam. When so opened it will not close itself as the orator's will, but has as much tendency to

remain open as it has to remain closed after being closed.  It is said by an expert called by the orator that if the edge of the cam, which throws the arms apart, was removed, the spring would become more like the orator's in its operation; but he probably failed to notice that the spring operates on the same edge of the cam, although on different sides of its pivot, both in opening and closing the spring, and that if this edge was removed the spring would not move arms together or either way at all.  The form of the defendants' spring is different from the orator's; its mode of operation is different, and the result

of its operation is somewhat different.  It cannot be said to be the same as the orator's, or to be substantially like the orator's. Each got the idea of closing the wrists of gloves by means of springs from others; the orator carries out the idea in his mode and the defendants in theirs, and as neither has control of anything but the particular mode, neither can justly say that the other uses his mode."

For these reasons which we cannot restate in a more satisfactory manner, the decree of the Circuit Court is

*Affirmed.*